**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS – EASTERN DIVISION**

| | | |
|---|---|---|
| **TAMARA O'SHAUGHNESSY**, an individual<br>Plaintiff,<br>v. | )<br>)<br>) | <br><br>15-cv-10847 |
| <br>**AEFFECT, INC.**, an Illinois corporation,<br>and **MICHELLE KUHN**, an individual.<br>Defendants. | )<br>)<br>)<br>) | <br><br>Trial By Jury Demanded |

**COMPLAINT**

NOW COMES Plaintiff, **TAMARA O'SHAUGHNESSY** ("Plaintiff" or "Tamara"), by and through her attorneys, and for her Complaint pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq.*, the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105 *et. seq.*, the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS § 115 *et. seq.*, the Equal Pay Act ("EPA"), 29 U.S.C. § 206(d), and the Illinois Equal Pay Act ("IEPA"), 820 ILCS 112 *et. seq.*, against **AEFFECT, INC.** ("Aeffect") and **MICHELLE KUHN** ("Ms. Kuhn") (collectively "Defendants").

**INTRODUCTION**

1. Tamara began working for Aeffect as an administrative assistant in 1997. Throughout her years at Aeffect, Tamara worked diligently to move up in the company eventually becoming Vice President of Account Services. Beginning in or around January 2012, Aeffect began paying Tamara on an hourly basis. During that time, Tamara consistently worked over forty hours per week, but was not paid overtime for those hours. Defendants' refusal to pay Tamara overtime for those hours is a violation of the FLSA, the IMWL, and the IWPCA.

2. Tamara also brings this Complaint against Defendants for a violation of the federal Equal Pay Act ("EPA") and the Illinois Equal Pay Act ("IEPA"). During her time at Aeffect, a

male colleague was paid significantly more in salary than Tamara, even though he had essentially the same job duties, but had less tenure with the company and also traveled less.

## THE PARTIES

3. At all times relevant to this matter, Plaintiff, Tamara is a resident of Pittsford, New York.

4. At all times relevant to this matter, Defendant, Aeffect is an Illinois corporation with its principal place of business at 740 Waukegan Road, Suite 400 Deerfield, Illinois 60015, in Lake County.

5. Upon information and belief, Aeffect provides marketing and market research services primarily through focus groups and surveys for corporate, government, and not-for-profit organizations.

6. Upon information and belief, at all times relevant to this matter, Ms. Kuhn is the President of Aeffect, Inc. and a resident of Illinois.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action pursuant to Section 216(b) of the FLSA and 28 U.S.C. § 1331.

8. Supplemental jurisdiction over the Illinois statutory claims alleged herein is conferred on this Court by 28 U.S.C. § 1367(a).

9. Venue is proper in this forum pursuant to 28 U.S.C. § 1391 as Defendant Aeffect's principal office is located in this District.

## FACTUAL BACKGROUND

10. Tamara was first hired by Aeffect as a temporary administrative assistant in December of 1996.

11. Beginning in or around January 2012, Aeffect started paying Tamara on an hourly basis at a rate of approximately sixty dollars ($60) per hour.

12. From this time up until her resignation, Tamara was consistently working over forty (40) hours per week; but, her hours were not guaranteed.

13. However, Aeffect did not pay Tamara overtime for the hours she worked over forty (40) hours per week.

14. Ms. Kuhn, President of Aeffect, knew Tamara was working over forty (40) hours per week, but failed to pay her overtime for those hours.

15. Ms. Kuhn provided pay stubs to Tamara that indicated her hours worked multiplied by her hourly rate. The pay stubs often indicated that Tamara worked more than forty (40) hours per week.

16. As an employee, Tamara was entitled to overtime as she was paid on an hourly – as opposed to salary – basis, without any guaranteed income. AAAsThus, she was not exempt from overtime.

17. During her years of service, Tamara worked hard to move up in the company and eventually became Vice President of Account Services for Aeffect.

18. Tamara discovered that a male colleague, with much less tenure at Aeffect and with assignments that required considerably less travel and time away from home, was being paid significantly more than Tamara.

19. Tamara began working for Aeffect in 1996, while her male colleague began working for the company in approximately 1999.

20. In 2015, Tamara inadvertently received an email containing compensation information for a number of Aeffect's employees. Tamara learned that from approximately 2007 until 2015, her male colleague was being paid more than her.

21. Upon information and belief, between approximately 2007 and 2015, the male colleague made approximately $70,000 more than Tamara each year, despite having similar work duties as Tamara.

22. Tamara was distraught by this information, especially in light of the years of service she had dedicated to the company.

23. On or around February 28, 2015, Tamara resigned from Aeffect, effective March 31, 2015.

**COUNT I – VIOLATION OF THE FAIR LABOR STANDARDS ACT**
(against both Defendants)

24. Plaintiff re-alleges and incorporates paragraphs 1-23 as if re-alleged herein.

25. Between 1996 and March 2015, Tamara was Aeffect's employee.

26. Between 1996 and March 2015, Aeffect was Tamara's employer.

27. Beginning in January 2012, Tamara was paid on an hourly basis.

28. Tamara is an employee covered under the FLSA, and was not an exempt employee between January 2012 and March 2015.

29. Defendants did not pay Tamara overtime for any hours she worked over forty (40) hours in a given week.

30. Based on the foregoing, Defendants violated the FLSA.

31. As a direct and proximate result of Defendants' unlawful conduct, Tamara has suffered and will continue to suffer lost wages and other damages.

32. Defendants knew that Tamara was working more than forty (40) hours per week, yet failed to pay Tamara any overtime.

33. At all times during Tamara's employment, Ms. Kuhn was President of Aeffect. Ms. Kuhn exercised supervisory authority over Tamara.

34. Ms. Kuhn was aware, or should have been aware, that Tamara was not being paid overtime for the hours she worked over forty hours per week.

35. Under FLSA, Tamara is entitled to her unpaid wages, liquidated damages, and reasonably attorneys' fees and court costs.

## PRAYER FOR RELIEF

36. WHEREFORE Plaintiff prays for judgment in her favor and against Defendants, and for the following relief:

A. That a finding be entered that Defendants violated the FLSA;

B. That Tamara be awarded damages in an amount equal to the unpaid overtime compensation due to her for each hour she worked in excess of forty in any given week, but for which Defendants failed to pay her at a rate equal to or greater than one-half times the regular rate at which she was employed;

C. That Tamara be awarded statutory liquidated damages in an amount equal to the actual damages, as allowed by the FLSA;

D. That Tamara be awarded interest on all amounts awarded;

E. That Tamara be awarded her costs of bringing this action, including reasonable attorneys' fees and all costs and expenses of suit; and

F. That Tamara be awarded any other and further relief as this Honorable Court deems necessary to effectuate the purpose of the FLSA.

**COUNT II –VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW**
(against Defendant Aefffect)

37. Plaintiff re-alleges and incorporates paragraphs 1-36 as if re-alleged herein.

38. Between 1996 and March 2015, Tamara was Aeffect's employee.

39. Between 1996 and March 2015, Aeffect was Tamara's employer.

40. Beginning in January 2012, Tamara was paid on an hourly basis.

41. Defendants failed to pay Tamara for certain overtime hours in excess of forty (40) hours in a given workweek at a rate equal to or greater than one-half times the regular rate at which she was employed. *See* 820 ILCS § 105/4(a).

42. Based on the foregoing, Defendants violated the IMWL.

43. Defendants' violation of the IMWL was willful in that Defendants were aware, or should have been aware, of their obligations under the IMWL, but nevertheless attempted to circumvent its provisions.

44. As a direct and proximate result of Defendants' unlawful conduct, Tamara has suffered and will continue to suffer lost wages and other damages.

45. Under IMWL, Tamara is entitled to her unpaid wages, monthly damages for the underpayments, and reasonably attorneys' fees and court costs.

**PRAYER FOR RELIEF**

46. WHEREFORE Plaintiff prays for judgment in his favor and against Defendant Aeffect, and for the following relief:

A. That a finding be entered that Defendant violated the IMWL;

B. That Tamara be awarded damages in an amount equal to the unpaid overtime compensation due to her for each hour she worked in excess of forty in any given

week, but for which Defendants failed to pay her at a rate equal or greater than one-half times the regular rate at which Tamara was employed;

C. That Tamara be awarded statutory damages of 2% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid.

D. That Tamara be awarded interest on all amounts awarded;

E. That Tamara be awarded her costs of maintaining this action, including reasonable attorneys' fees, together with all costs and expenses of suit; and

F. That Tamara be awarded such other and further relief as this Court deems necessary to effectuate the purpose of the IMWL.

**COUNT III – VIOLATION OF THE ILLINOIS WAGE PAYMENT AND COLLECTION ACT**

(against both Defendants)

47. Plaintiff adopts and re-alleges paragraphs 1-46 as if fully alleged herein.

48. At all relevant times herein, the Illinois Wage Payment and Collection Act ("IWPCA") was in effect.

49. Between 1996 and March 2015, Tamara was Aeffect's employee.

50. Between 1996 and March 2015, Aeffect was Tamara's employer.

51. Section 3 of the IWPCA provides that Defendants must pay Tamara her wages at least semi-monthly: "Every employer shall be required, at least semi-monthly, to pay every employee all wages earned during the semi-monthly pay period." *See* 820 ILCS § 115/3.

52. Thus, Tamara was entitled to receive compensation for all of the overtime hours she worked for Aeffect.

53. However, Defendants failed to pay Tamara her earned compensation, due and owning.

54. Section 13 of the IWPCA also provides, in pertinent part, that "any officers of a corporation or agents of an employer who knowingly permit such employer to violate the provisions of this Act shall be deemed to be the employers of the employees of the corporation." *See* 820 ILCS § 115/13.

55. At all times during Tamara's employment, Ms. Kuhn was President of Aeffect.

56. Ms. Kuhn was aware, or should have been aware, that Tamara was not being paid overtime for the hours she worked over forty hours per week.

57. Ms. Kuhn is individually liable for Aeffect's violations of the IWPCA because she "knowingly permit[ted] [Defendant Aeffect] to violate the provisions of this Act." *See* 820 ILCS § 115/13.

58. Based on the forgoing, Defendants violated the IWPCA.

59. Because Tamara has been forced to take legal action to receive her wages, Tamara is now entitled to receive her unpaid wages, along with attorneys' fees and costs and 2% interest each month for any late payments. *See* 820 ILCS § 115/14(a).

60. As a direct and proximate result of Defendants' unlawful conduct, Tamara has suffered and will continue to suffer lost wages and other damages.

## PRAYER FOR RELIEF

61. WHEREFORE Plaintiff prays for judgment in her favor and against Defendants, and for the following relief:

A. That a finding be entered that Defendants violated the IWPCA;

B. That Tamara be awarded damages in an amount equal to the unpaid compensation due and owing;

C. That Tamara be awarded statutory damages of 2% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid;

D. That Tamara be awarded interest on all amounts awarded;

E. That Tamara be awarded her costs of maintaining this action, including reasonable attorneys' fees, together with all costs and expenses of suit; and

F. That Tamara be awarded such other and further relief as this Court deems necessary to effectuate the purpose of the IWCPA.

**COUNT IV – VIOLATION OF THE EQUAL PAY ACT**
(against both Defendants)

62. Plaintiff re-alleges and incorporates paragraphs 1-61 as if re-alleged herein.

63. Between 1996 and March 2015, Tamara was Aeffect's employee.

64. Between 1996 and March 2015, Aeffect was Tamara's employer.

65. Tamara was paid significantly less than a male colleague who performed similar work but had less tenure with the company and was required to travel less.

66. Tamara began working for Aeffect in 1996, while her male colleague began working for the company in approximately 1999.

67. Upon information and belief, between approximately 2007 and 2015, the male colleague made nearly approximately $70,000 more than Tamara per year, despite having similar work duties as Tamara.

68. Upon information and belief, at Aeffect, employees' salaries are not based on any formula, merit system, or seniority system.

69. Ms. Kuhn willfully and knowingly permitted Aeffect to pay Tamara less than a male colleague for performing similar work.

## PRAYER FOR RELIEF

70. WHEREFORE Plaintiff prays for judgment in her favor and against Defendants, and for the following relief:

A. That a finding be entered that Defendants violated the Equal Pay Act;

B. That Tamara be awarded damages for the underpayments she received;

C. That Tamara be awarded interest on all amounts awarded;

D. That Tamara be awarded her costs of bringing this action, including reasonable attorneys' fees and all costs and expenses of suit; and

E. That Tamara be awarded any other and further relief as this Honorable Court deems necessary to effectuate the purpose of the Equal Pay Act.

## COUNT IV – VIOLATION OF THE ILLINOIS EQUAL PAY ACT
(against both Defendants)

71. Plaintiff re-alleges and incorporates paragraphs 1-70 as if re-alleged herein.

72. Between 1996 and March 2015, Tamara was Aeffect's employee.

73. Between 1996 and March 2015, Aeffect was Tamara's employer.

74. Tamara was paid significantly less than a male colleague who performed similar work, but his assignments required considerably less travel and time away from home.

75. Tamara began working for Aeffect in 1997, while her male colleague began working for the company in or around 1999.

76. Upon information and belief, between approximately 2007 and 2015, the male colleague made nearly $70,000 more than Tamara per year, despite having similar work duties as Tamara.

77. Upon information and belief, at Aeffect, employees' salaries are not based on any formula, merit system, or seniority system.

78. Ms. Kuhn willfully and knowingly permitted Aeffect to pay Tamara less than a male colleague for performing similar work.

79. Tamara should be awarded her underpayment, interest, reasonable attorneys' fees and court costs to make her whole. *See* 820 ILCS 112/30.

## PRAYER FOR RELIEF

80. WHEREFORE Plaintiff prays for judgment in her favor and against Defendants, and for the following relief:

A. That a finding be entered that Defendants violated the Illinois Equal Pay Act;

B. That Tamara be awarded damages for the underpayments she received;

C. That Tamara be awarded interest on all amounts awarded;

D. That Tamara be awarded her costs of bringing this action, including reasonable attorneys' fees and all costs and expenses of suit; and

E. That Tamara be awarded any other and further relief as this Honorable Court deems necessary to effectuate the purpose of the Illinois Equal Pay Act.

Dated: December 2, 2015

Respectfully submitted,

TAMARA O'SHAUGHNESSY

/s/ Megan Lopp Mathias
By: One of her attorneys

Megan Lopp Mathias
*LOPP MATHIAS LAW GROUP*
209 S. LaSalle Street, Suite 800
Chicago, Illinois 60604
P: (312) 882-5458
F: (872) 228-8192
megan@loppmathiaslaw.com
ARDC# 6280497